Commonwealth v. Foster, Appellant.

270

Argued March 21, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, with him *Vincent J. Ziccardi,* Defender, for appellant.

*David Richman,* Assistant District Attorney, with him *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 21, 1974:

On August 10, 1972, the appellant appeared for trial upon indictments charging burglary, aggravated robbery and assault with intent to kill. After a jury waiver colloquy and the taking of testimony, the court found the appellant not guilty of aggravated robbery, but guilty of burglary and assault with intent to kill.

Thereafter the court and counsel discussed sentencing. At one point during the discussion the court announced that it was going to sentence the appellant to concurrent three to five year terms. Later, when defense counsel requested a presentence investigation, the court stated: "That would not change my sentence; he is already sentenced." The assistant district attorney then informed the court that a three to five year sentence would be unlawful under the Act of September 26, 1951, P. L. 1460, §1, 19 P.S. §1057, which provides that the minimum term may not be more than one half of the maximum. Realizing its error, the court then announced a three to six year term. While no direct appeal was then taken, the appellant was subsequently granted leave to file an appeal *nunc pro tunc.*

The appellant contends that the court's first announced sentence was a sentence imposed within the purview of the Double Jeopardy Clause of the Fifth Amendment. From this premise the appellant argues that the amended sentence ran afoul of our Supreme Court's recent decision in *Commonwealth v. Silverman,* 442 Pa. 211 (1971). We disagree.

The courts of Pennsylvania have consistently maintained that "[o]ral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are no part of the judgment of sentence." *Commonwealth ex rel. Marelia v. Hill,* 177 Pa. Superior Ct. 520, 522 (1954); *Commonwealth ex rel. Scoleri v. Burke,* 171 Pa. Superior Ct. 285, 288 (1952). See also *Commonwealth v. Mount,* 172 Pa. Superior Ct. 258 (1953); *Commonwealth ex rel. Hoban v. Burke,* 172 Pa. Superior Ct. 21 (1952). As Justice CARDOZO has said: "The only sentence known to the law is the sentence or judgment entered upon the records of the court."[1] Most recently, the United States Court of

---

[1] *Hill v. United States ex rel. Wampler,* 298 U.S. 460, 56 S. Ct. 760, 80 L. Ed. 1283 (1935).

Appeals for the Third Circuit had occasion to treat a similar question with regard to when a sentence is imposed in Pennsylvania. That learned court concluded: "Far from denying any constitutional rights of petitioner, the Superior Court applied the established rule in Pennsylvania that a sentence, like any other judgment, is to be construed so as to give effect to the intention of the sentencing judge and that to determine this intention the court will limit itself to the language of the judgment despite oral statements of the sentencing judge which are not incorporated in it."[2]

Since, under the long-standing law in Pennsylvania and numerous other jurisdictions,[3] there has been only one sentence imposed in the instant case, the possibility of Double Jeopardy is not present.[4]

The appellant also contends that the colloquy preceding his waiver of his constitutional right to trial by jury was insufficient under the standards established by our Supreme Court in *Commonwealth v. Williams*, 454 Pa. 368 (1973). Appellant's trial, however, took place more than one year before the Supreme Court's decision in *Williams*. As this Court most recently held in *Commonwealth v. Lockhart*, 227 Pa. Superior Ct. 503 (1974), however, *Williams* should be applied prospectively only, as is ordinarily the case with standards con-

---

[2] *United States ex rel. Speaks v. Brierley*, 417 F. 2d 597, 600 (3d Cir. 1969), cert. denied, 397 U.S. 1051.

[3] *Id.* at 601 nn. 7 and 8. See also Annot., 59 A.L.R. 521.

[4] Of course, the facts of this case do not pose a situation where the sentencing court orally pronounced a sentence in the presence of the defendant and subsequently, some time after the hearing, entered a more severe sentence on the record. This situation is much closer to the facts of *Silverman*, and is one with which we are not concerned here.

cerning the acceptability of guilty pleas.[5] See also *Commonwealth v. McKee*, 226 Pa. Superior Ct. 196, 202-03 (1973).

Judgment of sentence is affirmed.

SPAETH, J., dissents.

HOFFMAN, J., did not participate in the consideration or decision of this case.

---

[5] The appellant also indicates that his sentence might be unconstitutional on the grounds that the Muncy Act, Act of July 16, 1968, P. L. 349, No. 171, §1, 61 P.S. §566 (Supp. 1973), violates his right to equal protection of the laws. The principal ground for this grievance is that the Muncy Act requires that no minimum sentence be set for women, allowing women to immediately petition for parole consideration. The appellant, however, neither proffers any authority nor raises any argument in support of this contention. The question is currently before the Pennsylvania Supreme Court, and should their decision affect the validity of the appellant's sentence we trust he will seek resentencing, by petitioning for post-conviction relief.