## Commonwealth *v.* Green, Appellant.

Submitted November 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John R. Cook,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., February 27, 1975:

This appeal arises from the denial of appellant's Post Conviction Hearing Act petition after a hearing thereon. Appellant's sole contention herein is that he was twice sentenced for the same offense in violation of the Fifth Amendment's double jeopardy proscription.

In May, 1970, appellant was indicted on a bill charging both possession and control of narcotic drugs and dealing in narcotic drugs. After a trial without jury, the court found appellant guilty of dealing in narcotic drugs based upon his sale of a packet of heroin to an undercover policeman. The court then announced that it would sentence appellant to five years, that sentence to run consecutive to a sentence appellant was then serving. At no time was this "sentence" recorded on the indictment. Shortly thereafter the court was informed that the sentence, as stated, would contravene the mandates of the relevant section of The Drug, Device and Cosmetic Act,[1] which required that appellant "undergo imprison-

---

1. Act of September 26, 1961, P.L. 1664, § 20, 35 P.S. § 780-20(d).

ment by separate or solitary confinement at labor for an indeterminate term having a minimum of five (5) years and a maximum of twenty (20) years. . . ." Realizing its error, the court recalled the appellant within two hours of his prior appearance, and imposed the sentence statutorily required. Thus, appellant now contends that the court violated the double jeopardy clause of the Fifth Amendment when it sentenced him in compliance with the statute. See, e.g., *Commonwealth v. Allen*, 443 Pa. 96 (1971).

We believe that appellant's claim must fail because of a fallacy in its initial premise: that a *first sentence* of five years was imposed prior to the imposition of the five to twenty year term.

The instant case is virtually indistinguishable from *Commonwealth v. Foster*, 229 Pa. Superior Ct. 269 (1974) where the trial court announced a sentence of three to five years in the presence of the defendant. Defense counsel in that case then requested a presentence investigation, whereupon the court stated:

"That would not change. my sentence; he is already sentenced."

At that point the assistant district attorney informed the court that a three to five year sentence would be unlawful because the minimum sentence would be more than one-half of the maximum. The court thereupon corrected its error and sentenced the defendant to a three to six year term. As in the instant case, the latter sentence was the only one ever entered on the indictment or commitment papers, and was so entered prior to the commencement of defendant's serving the sentence.

After analyzing the prior case law in *Foster*, we stated at page 271:

"The courts of Pennsylvania have consistently maintained that 'oral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are no part of the judgment

of sentence.' As Justice CARDOZO has said: 'the only sentence known to the law is the sentence or judgment entered upon the records of the court.' '' (Citations deleted.)

The Third Circuit has recently noted in treating a similar allegation of error based upon a sentence imposed in Pennsylvania:

"Far from denying any constitutional rights of petitioner, the Superior Court applied the established rule in Pennsylvania that a sentence, like any other judgment, is to be construed so as to give effect to the intention of the sentencing judge and that to determine this intention the court will limit itself to the language of the judgment despite oral statements of the sentencing judge which are not incorporated in it." *United States ex rel. Speaks v. Burke,* 417 F.2d 597, 600 (3d Cir. 1969), *cert. denied,* 397 U.S. 1051.

Second, whether or not a defendant has begun to serve the "sentence" imposed is a weighty consideration in determining whether a 'resentencing' would constitute double jeopardy.

As our Supreme Court stated in *Commonwealth v. Allen,* supra:

"[The United States] Supreme Court long ago concluded that increasing a sentence *after the defendant has commenced to serve it* is a violation of the double jeopardy clause. . . ." *Id.* at 104. (Emphasis added.)

And, the United States Supreme Court has not found double jeopardy in the situation where an unlawful sentence was corrected prior to its commencement. In *United States v. Bozza,* 330 U.S. 160 (1947) the Supreme Court, in an 8-0 decision on this point,[2] held that

---

2. Three justices dissented with regard to another count involved in that appeal. Mr. Justice RUTLEDGE, in view of his dissent on the sufficiency of the evidence, reserved expression of an opinion on the legality of the sentence.

the trial court's correction of an unlawful sentence only five hours after its imposition, and prior to the defendant's transportation to the prison where the sentence was to be served, did not violate the proscriptions of the double jeopardy clause. In speaking for the Court, Mr. Justice BLACK stated at pages 166-167:

> "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. . . . In this case the court only set aside what it had no authority to do and substitute[d] directions required by the law to be done upon the conviction of the offender.' In Re Bonner, supra at 260. It did not twice put petitioner in jeopardy for the same offense."

Therefore, on the facts of the instant case, we affirm the order of the court below.

SPAETH, J., concurs in the result.