369 A.2d 815

COMMONWEALTH of Pennsylvania

v.

Patrick HODGE, Appellant.

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Feb. 18, 1977.

Joseph L. Ditomo, Jr., Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, Patrick Hodge, files the instant direct appeal to our Court following his conviction after jury trial on charges of robbery, aggravated assault and battery, rape, forcible rape with serious bodily injury, solicitation to commit sodomy, assault with intent to commit sodomy and sodomy. All charges arose out of a sordid incident in which appellant and several other persons savagely attacked, beat, raped and otherwise sexually assaulted a woman in January, 1972. During this incident, the victim was brutally abused and humiliated in a series of events which included torture and threats of disfigurement. Post-trial motions were heard and denied and on December 5, 1975, appellant was sentenced to a term of fifteen to forty years of imprisonment.

The appellant's first claim is that his rights were violated by an unduly suggestive identification procedure. The record shows that during the investigation of the crime, police showed the victim a number of photographs, including a photograph of appellant. The victim identified appellant's photograph as one of the participants in the attack. This was the sole display of such a photograph to the victim.

██ Prior to trial, appellant filed a motion to suppress the evidence of the pre-trial photographic identifi-

cation and the victim's identification testimony at trial. The court granted the suppression of testimony concerning the pre-trial photographic identification. Such ruling was proper since the Commonwealth failed to retain the photographs which were utilized and thus made it impossible under the circumstances to review the fairness of the procedure challenged. See *Commonwealth v. Jackson*, 227 Pa.Super. 1, 323 A.2d 799 (1974). Contrary to appellant's argument, we also find that the lower court acted properly in permitting the in-court identification by the victim in the instant case.

The record shows that the identification provided by the victim was of an independent source and in no way tainted by the photographic display even if we assume that such single pre-trial photographic identification was improper. The victim expressed no doubt about her belief that appellant was one of her attackers. She had seen him on two occasions prior to the assault. During that unfortunate incident she was in his presence at close range for approximately four hours. She was even aware of his nickname. Under these circumstances, the testimonial identification by the victim was clearly an untainted one and was properly admitted by the trial court. See *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Commonwealth v. Cox*, 466 Pa. 582, 353 A.2d 844 (1976); *Commonwealth v. Spencer*, 442 Pa. 328, 275 A.2d 299 (1971).

■ Next, appellant claims that reversible error occurred when the district attorney allegedly commented adversely on the failure of the defendant to testify when he stated that certain information could only come from the "lips of the defendant." Our review of the record shows that the comment in question, when examined in the context of the whole colloquy in which it occurred, did not comprise an inference or suggestion to the jury concerning any failure to testify by appellant. Such a suggestion would have, of course, been improper

and violative of the Fifth Amendment rights of the accused if made.  See also 19 P.S. § 631; *Anderson v. Nelson*, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968); *Commonwealth v. Reichard*, 211 Pa.Super. 55, 233 A.2d 603 (1967).

■ At trial in the instant case, defense counsel, on redirect examination of a defense witness, was attempting to elicit a statement from the witness concerning what the accused had told him.  The district attorney properly objected that such question appeared to be a solicitation of hearsay testimony.  In making this contention, the district attorney stated:

> If I may be heard, sir, I believe that this is testimony —based upon the circumstances of the questioning and the previous testimony—that has to have come only from the lips of the defendant.  I won't say anything more at this point, but I think it's blatant hearsay.

This remark was addressed to the court and could not be construed in the light argued now by appellant.  The comment clearly related to the testimony sought from the defense witness and was not an adverse comment on a failure to testify on the part of the accused.  Moreover, the jury could not have been misled in view of the following clear instruction given by the trial judge:

> It's entirely up to the defendant in every criminal trial whether or not to testify.  He has an absolute right founded on the Constitution, to remain silent.  You must not draw any inference of guilt from the fact that the defendant did not testify.

It is well established that such remedial instructions to the jury can operate to rectify prior prejudicial error. *Commonwealth v. Lopez*, 455 Pa. 353, 318 A.2d 334 (1974).  Thus even assuming *arguendo* that the comment could have created an adverse inference, such curative instruction leads us to  reject appellant's claim of improper prosecutorial comment.

78

■ Next, appellant contends that reversible error occurred when the court permitted a police officer to testify that he knew the appellant by the nickname "Crazy Wolf" as a result of prior contacts with him. It is claimed that such testimony was lacking in probative value but allowed the jury to speculate that the appellant had a prior criminal record which made him and his nickname familiar to the officer. The record positively refutes such claims. First, the nickname was relevant since the victim recalled hearing the other attackers refer to appellant by that name during the criminal incident. Second, no inference of a prior criminal record was possible as the officer was thereafter asked directly if his prior contacts with the accused, during which he gained knowledge of the nickname, had occurred when the appellant was being arrested for any crime or even under investigation for any crime. The officer replied in the negative. It is apparent that no prejudicial inference of prior criminal activity could have arisen as a result of the testimony at issue. Cf. *Commonwealth v. Carlos*, 462 Pa. 262, 341 A.2d 71 (1975) and *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972) (both cases concerning references to photographs of an accused).

■ Appellant next contends that he was denied a public trial as a result of the alleged exclusion of certain spectators from his trial. This claim is patently frivolous. At the outset of testimony by the victim, and as a result of the pending description of the sordid details of the sexual assault by that witness, the district attorney sought to have a visiting group of high school students leave the courtroom. The district attorney noted not only the delicate nature of the testimony to be offered, but also the emotional distress possible to the witness from the large crowd of students who might hear of her tribulations. Pursuant to the request of the Commonwealth, the trial judge informed the students' teacher of

the situation, whereupon she *voluntarily* removed her class from the courtroom. Under these circumstances, the claim of denial of public trial must be summarily rejected.

Appellant argues that the trial judge exhibited partisanship in favor of the prosecution in asking certain questions of a single defense witness concerning flight by the accused after the Commonwealth had rested its case and had not presented evidence touching of flight. It is well settled that a trial court always has the right, and sometimes even the duty to interrogate witnesses in order to clarify evidence, so long as the questioning is not biased or unduly protracted. See *Commonwealth v. Miller*, 442 Pa. 95, 275 A.2d 328 (1971); *Commonwealth v. Brown*, 438 Pa. 52, 265 A.2d 101 (1970); *Commonwealth v. Lanza*, 228 Pa.Super. 300, 323 A.2d 178 (1974). The record shows that a defense witness, a man who claimed that appellant was like a son to him, had provided an alibi for the appellant. On cross-examination, the Commonwealth probed this witness on his alibi testimony, and in particular, questioned him as to his failures to reveal to police on the many occasions when they visited him to try to apprehend the appellant, that he could provide an alibi for the appellant. The witness testified at trial that Hodge was at the home of the witness at the time of the crime—a fact never related to police despite numerous meetings with them. The testimony of the witness was, without doubt, hazy and inconsistent in explaining his earlier failure to reveal such facts to police. The trial judge asked questions which were clearly designed to help clarify the responses of the witness to this inquiry. The record shows no bias, hostility, or unfairness in the court's questions. The appellant contends that only some of the questioning was improper.[1] During the course of answering why he had not revealed this

---

1. The appellant complains of the inquiry occurring at pp. 598–601 of the official trial transcript.

information earlier, the witness, in an attempt at rehabilitating his own testimony, disclosed he had told the *appellant* of his alibi knowledge at times shortly after the crime when the police were actively seeking to arrest the appellant. In this manner, the witness revealed that he had been in communication with the appellant while the latter was sought by police. The witness related that during such conversations he had also told the appellant of repeated police attempts to find and arrest him. Thus, through attempts to rehabilitate his own testimony this witness revealed evidence of "flight" or attempts to evade arrest by the appellant. No objection was raised by the defense through several questions by the court and answers by the witness on this subject until the defense objected to any further questions.[2] As is revealed by the record, the court, upon this first objection, proceeded no further with questions of the alibi witness. In light of all circumstances we are convinced that the trial judge did not, as alleged, deny the appellant a fair trial by biased or unfair interrogation through this questioning or any other questions asked of witnesses during appellant's trial. As we said in *Commonwealth v. Lanza, supra*: ".  .  . a trial judge has the inherent right, and at times, the duty to question witnesses to clarify ex-

---

2. The following colloquy appears at p. 601 of the official trial transcript:

Defense Counsel: I would object to any further questioning along these lines. My understanding was that the purpose of the Court questioning the witness was to clarify certain issues in the jury's mind. And I would respectfully—

THE COURT: And in my own mind, too.

Defense Counsel: Yes, sir, also in the Court's mind. However, I would respectfully submit, sir, that further cross-examination—which I believe—

THE COURT: I'm not cross-examining him. I'm just asking questions which I think—

Defense Counsel: I would submit, Your Honor, that any further questioning would be an attempt to discredit the witness, and not to clarify anything for the jury. I would submit, sir, that any issues that had to be clarified have been clarified at this point, and that Your Honor now seems to be going into an entirely new direction.

THE COURT: Okay. I have no further questions.

isting facts and to elicit new information." 228 Pa.Super. at 303, 323 A.2d at 179. We find no merit to the claim that the trial judge acted as an advocate for the prosecution.

We note next objections by appellant to the court's instructions in its charge to the jury concerning the sodomy indictments and on the issue of alibi. These points were not preserved for appellate review as the appellant failed to make timely objections to these parts of the charge at trial. See Pennsylvania Rule of Criminal Procedure 1119(b); *Commonwealth v. Hilton*, 461 Pa. 93, 334 A.2d 648 (1975); *Commonwealth v. Carbonetto*, 455 Pa. 93, 314 A.2d 304 (1974); *Commonwealth v. Riddick*, 232 Pa.Super. 333, 334 A.2d 705 (1975). For the same reason we must deem appellant to have waived his claim that the lower court should have given certain instructions to the jury admonishing them to not allow certain photographic exhibits to unduly inflame their emotions.

Last, appellant contends that his sentencing, in part, constituted double jeopardy. At the sentencing hearing, the trial judge imposed sentences on the charges of robbery (five to ten years), aggravated assault and battery (one and a half to three years), sodomy (two and a half to five years) and rape with bodily injury (fifteen to forty years). All such sentences were to run concurrently and sentences were suspended on the other charges. Immediately upon this pronouncement by the court, the prosecutor urged that sentence be imposed on all charges. The court complied with this request and commenced sentencing on the remaining charges, including assault and battery (one to two years), forcible rape (ten to twenty years), assault with intent to commit sodomy (two and a half to five years) and solicitation to commit sodomy (two and a half to five years). All the sentences were to run concurrently. Appellant argues that imposition of the additional sentences amounted to

an increase in punishment and were thus violative of the Double Jeopardy Clause of the Fifth Amendment. We reviewed an almost identical situation and rejected such claims in *Commonwealth v. Foster*, 229 Pa.Super. 269, 271, 324 A.2d 538, 539 (1974), where we noted:

> "The courts of Pennsylvania have consistently maintained that '(o)ral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are no part of the judgment of sentence.' " (Citations omitted.)

See also *Commonwealth v. Green*, 232 Pa.Super. 555, 335 A.2d 392 (1975). The initial oral pronouncement of sentence in this case was therefore not a "sentence imposed" for purposes of double jeopardy and the appellant's final argument must be denied.

Affirmed.

SPAETH, J., concurs in the result of this Opinion.