385 A.2d 540

**COMMONWEALTH of Pennsylvania**

v.

**Robert E. EVANS, Appellant (two cases).**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1976.

Decided April 13, 1978.

94

James B. Brown, Pittsburgh, for appellant.

Robert L. Campbell and Robert L. Eberhardt, Assistant District Attorneys, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is a direct appeal from judgment of sentence following appellant's plea of guilty entered on July 17, 1975, to two counts of violation of the Pennsylvania Sales and Use Tax Act, 72 P.S. § 7268(b) (1971). Appellant only challenges the legality of the sentence meted out by the court below.

The facts of the case may be briefly summarized as follows:

Appellant was arrested on April 24, 1975, pursuant to a warrant. At trial, an investigator for the Commonwealth of Pennsylvania Department of Revenue, Bureau of Sales and Use Tax, Mr. H. George Entrees, testified that his duties caused him to be familiar with appellant's tax records. At some length Mr. Entrees demonstrated that from April, 1971 to March, 1973, appellant during the course of his business collected $12,405.55 in taxes; and, from July, 1973 to June, 1974, appellant similarly collected a sum of $8,101.81. The total taxes collected, $20,507.36, was never remitted to the Commonwealth. Mr. Entrees further testified that despite the demand of the Commonwealth for payment, no monies toward the settlement of either sum were remitted.

Appellant did not contest the Commonwealth's evidence at trial, and pleaded guilty to the charges of failure to remit the Sales and Use Tax. Both offenses constitute misdemeanors of the third degree.

On January 12, 1976, appellant was sentenced by the Honorable Livingstone M. Johnson at No. 5326 October Sessions, 1973, to pay a fine of one thousand dollars ($1,000.00) and to undergo a term of imprisonment of not less than five and one-half nor more than eleven months; and at No. 3318 June Sessions, 1975, to pay a fine of one thousand dollars ($1,000.00) and to undergo a term of imprisonment of not less than six months nor more than one year, terms to run consecutively. The terms of imprisonment, since they were ordered to run consecutively, yield a total term of 11½ to 23 months. At the end of the Court's sentencing order also appears the phrase "No Automatic

Parole." This phrase was explained by the following verbal statement given to appellant by the trial judge at the Sentencing Hearing:

"The Court further directs and orders that you pay a $2,000.00 fine, that you pay the costs of prosecution. And this Court will inform you that until such time as $8,000.00 has been paid to the Commonwealth on account of the $20,500.00 debt you made to the State, this Court will not consider any parole unless it is amply demonstrated through credible evidence on the record before this Court that you have exhausted all your personal resources to make the payment over to the Commonwealth, the money you have stolen from them."

Appellant's sole contention is that sentence imposed by the Court below was illegal and an abuse of discretion. Specifically, appellant complains that under Section 1101(5) of the Crimes Code, 18 P.S. 1101(5), the maximum fine which may be imposed upon any person found guilty of a misdemeanor of the third degree is $2,500.00. Appellant argues that the above oral statement by the trial judge requiring appellant to pay an additional $8,000 to the Commonwealth toward the discharge of his debts before any parole would be considered constitutes an additional $8,000 fine in violation of Section 1101(5) of the Crimes Code rendering his sentence illegal. We disagree for the following reasons.

Initially, the Commonwealth notes the well-established principle that an appellate court will look only to the written judgment of sentence signed by the trial judge in considering the illegality of a sentence, and not to oral statements made by him in the process of passing sentence. *Commonwealth v. Riggins*, 232 Pa.Super. 32, 332 A.2d 521 (1974). Thus, the court's *oral* admonition to appellant that parole would not be considered without payment of $8,000.00 on appellant's debt to the Commonwealth was not part of the official written judgment of sentence and, as such, does not render the written sentence illegal, which sentence of $2,000 fine and aggregate of 23 months imprisonment is within the statutorily permissible limits and, therefore, valid on its face.

■ As to the phrase "no automatic parole" which appears at the end of the court's sentencing order, the Commonwealth answers that this does not contravene appellant's right to apply for parole upon the expiration of his minimum sentence. See Act of August 6, 1941, P.L. 861, § 22, amended, 61 P.S. § 331.22 (1943). The Commonwealth correctly contends that this notation on the sentencing order can only mean that upon expiration of appellant's minimum term, and upon receipt of appellant's application for parole, the case will return to the trial court, *and not to the Board of Parole*, for a decision on whether parole should be granted. This procedure is statutorily authorized at 61 P.S. § 331.17 (Act of August 6, 1941, P.L. 861, § 17; as amended 1965, December 27, P.L. 1230, § 8), which places persons sentenced to less than two years imprisonment outside the jurisdiction of the Board of Parole and retains parole jurisdiction of such persons in the trial court itself. The Pennsylvania Supreme Court in *Commonwealth v. Butler*, 458 Pa. 289, 328 A.2d 851 (1974), specifically noted:

"Except in cases where a trial court directs the Board of Parole to take jurisdiction, the Board has no authority over persons sentenced to less than two years imprisonment. That discretion is reposed in trial judges."

■ Moreover, it is clear that court's reference to the additional $8,000 can indeed be sustained as a valid and appropriate fine in spite of the appellant's objection that it exceeds the maximum $2,500 fine for misdemeanors of the third degree appearing at Section 1101(5) of the Crimes Code. Subsection (7) of Section 1101 titled "FINES" also provides that fines can be imposed in:

"(7) Any higher amount equal to double the pecuniary gain derived from the offense by the offender."

Accordingly, under this provision the court could have fined appellant double the amount of $20,500 which was established that he collected and has continued to refuse to submit to the Commonwealth.

Judgments of sentence affirmed.

SPAETH, J., files a dissenting opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

The majority first says that the $8,000 was not a fine, and then says that it "can indeed be sustained as a valid and appropriate fine." Majority Opinion at 543.

It would seem beyond dispute that when a defendant is sentenced, he should at the very least know whether he has or has not been fined, and if he has been fined, what the amount of the fine is. As the majority's own statement of the case shows, here appellant knew he had been fined, but not how much.

In addition, the procedure followed by the sentencing judge was improper. An offender's eligibility for parole should depend upon his conduct while in prison, and upon a judgment of the likelihood that if released, he will not commit another offense. If the judge thought an appropriate fine was $10,000 (and perhaps it was), he should have said so. To say that the fine was $2,000, but then to add that no parole would be granted unless appellant paid an additional $8,000, represented a confusion of the sentencing process with the parole process.

The judgments of sentence should be vacated, and the cases remanded for resentencing.