397 A.2d 1229

COMMONWEALTH of Pennsylvania

v.

**Diane TESSENA, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided Feb. 15, 1979.

Raymond Radakovich, Pittsburgh, for appellant.

Jacqueline Mikula Verney, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, WIEAND and HOFFMAN, JJ.

PER CURIAM:

The lower court sentenced appellant to three concurrent terms of three to six months imprisonment[1] for promoting prostitution, 18 Pa.C.S.A. § 5902(b), and granted her a five-day-a-week daytime work release at a local hospital. Following her filing a notice of appeal to this Court, the lower court denied her petition for reconsideration of sentence. Appellant now contends that the court abused its discretion in imposing a prison sentence instead of probation. We find no merit in this contention and, accordingly, affirm the judge of sentence.

Appellant's conviction stemmed from incidents in June, 1976, in which a 15 year old runaway performed several acts of prostitution in appellant's apartment. Appellant received one-half of the money the runaway obtained. Appellant terminated the arrangement when she discovered that the runaway was smoking marijuana in the apartment, became angry and told her to leave.

Our review of the transcript of the sentencing proceeding reveals that the lower court considered carefully and at length appellant's family circumstances, character—especially her history of prior volunteer hospital work, relative culpability, and prospects for rehabilitation and articulated his reasons for the sentence imposed on the record. *See generally Commonwealth v. Knight,* 479 Pa. 209, 387 A.2d 1297 (1978); *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976). *Cf. Commonwealth v. Wertz,* 252 Pa.Super. 584, 384 A.2d 933 (1978). On the basis of the record, we find no abuse of discretion in the court's imposition of sentence.

Judgment of sentence affirmed.

1. This is the sentence recorded and, as such, is controlling. *Commonwealth v. Green,* 232 Pa.Super. 555, 335 A.2d 392 (1975); *Commonwealth v. Zelnick,* 202 Pa.Super. 129, 195 A.2d 171 (1963).