448 A.2d 70

**COMMONWEALTH of Pennsylvania**

v.

**Ronald PERKINS, Appellant.**

Superior Court of Pennsylvania.

Argued June 22, 1981.

Filed July 16, 1982.

14

Joan Saltzman, Philadelphia, for appellant.

Alan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and DiSALLE, JJ.

HESTER, Judge:

The appellant, Ronald Perkins, pled guilty to charges of criminal conspiracy, criminal trespass and theft. He was later sentenced to 1½ to 3 years imprisonment followed by 4 years of probation on the theft conviction; 3½ to 7 years imprisonment on the criminal conspiracy conviction, to run consecutively with the theft sentence; and, 7 years probation on the criminal trespass conviction, to run concurrently with the conspiracy sentence. After sentencing, the appellant filed a *pro se* Petition for Reconsideration of Sentence. When that Petition was denied on August 22, 1980, this appeal followed.

Appellant raises a number of arguments, only a few of which need be considered here in light of our disposition of this appeal. He argues that he did not waive his right to challenge the guilty plea on the direct appeal. For reasons hereinafter set forth, we agree and remand for a hearing on appellant's petition to withdraw his guilty plea.

On December 17, 1979, the appellant and his brother broke into a furniture warehouse at 3300 Jasper Street, Philadelphia, removed several boxes containing furniture and loaded them into a van. Four blocks away, at G and Thayer Streets, the co-defendants were apprehended by the police and owner of the furniture store. The recovered boxes were stamped "Julius Snyder Company, 3327 Kensington Avenue." Once the co-defendants were taken into police custody, the appellant issued a statement to Detective Casey whereby he admitted that he and his brother removed several boxes from the warehouse and placed them in his brother's van.

Appellant argues that his trial counsel was ineffective for failing to inform him of the elements of the crime in the guilty plea colloquy, for failing to properly advise him of his rights to petition to withdraw, and for failing to file the petition to withdraw. He concludes, therefore, that he must be permitted to raise the involuntary plea argument for the first time on appeal.

In *Commonwealth v. Johnson*, 258 Pa.Super. 214, 392 A.2d 760 (1978), the defendant attacked the voluntariness of his plea on direct appeal without first filing a petition to withdraw the plea. The *Johnson* court permitted him to challenge his plea for the first time on appeal because he never effectively waived his right to appeal. The court ruled that a "finding of waiver must be based on affirmative proof in the record that the defendant has been told by the lower court or counsel of (1) his right to petition to withdraw his guilty plea; (2) his right to assistance of counsel in filing such a petition; (3) the consequences of not filing such a petition." Id. at 762.

■ That portion of the colloquy instructing the appellant of his appellate rights was sketchy:

"If you wish to appeal on the limited grounds which I explained to you, you must file a petition within 10 days from today asking Judge McDermott to withdraw the plea of guilty.

If that petition is not granted, then, of course, you could appeal on the grounds, in accordance with what has been explained in the colloquy."

It is not clear from this language that the failure to file a petition precludes the raising of an involuntary plea for the first time on appeal; nor is any mention made of the appellant's right to the assistance of counsel in drafting and presenting a petition to withdraw. The appellant did not effectively waive his right to appeal, because he was denied the opportunity, through the ineffectiveness of counsel, to preserve that right.

We refuse to consider the voluntariness of the plea itself. Since the lower court did not have an opportunity to decide the issue, we will not decide it here. *Commonwealth v. Bittner,* 441 Pa. 216, 272 A.2d 484 (1971); *Commonwealth v. Robinson,* 253 Pa.Super. 496, 385 A.2d 448 (1978).

■ The appellant raises several arguments on sentencing that we are constrained to address as well. First, he argues that the one and one-half (1½) years to three (3) years imprisonment followed by four (4) years probation on the theft by unlawful taking conviction was excessive. We agree.

Theft by unlawful taking, where, as here, the amount involved does not exceed $2,000.00, constitutes a misdemeanor of the first degree. 18 Pa.C.S.A. Sec. 3903(b). Misdemeanors of the first degree are punishable by a term of imprisonment not in excess of five (5) years. The Superior Court in *Commonwealth v. Nickens,* 259 Pa.Super. 143, 393 A.2d 758 (1978), looked to the total period of the sentence and not the term of imprisonment alone in determining whether the statutory maximum was exceeded. According

to the Sentencing Code, the court may order probation, partial confinement, total confinement, fine, guilt without penalty or combinations of the enumerated sentencing forms, 42 Pa.C.S.A. Sec. 9721. Although the appellant was ordered to serve a maximum of three (3) years in prison for the theft conviction, the addition of the probationary term of four (4) years set the total period of the sentence in excess of the statutory limit of five (5) years.

The appellant next argues that the sentence on the conspiracy charge also exceeded the statutory maximum. He is correct in concluding that criminal conspiracy in any one particular criminal incident is the same grade offense as the most serious offense which is the object of the conspiracy. 18 Pa.C.S.A. Sec. 905. The appellant incorrectly concludes, however, that the theft offense was the most serious. Criminal trespass is a felony of the third degree; the theft by unlawful taking here is a misdemeanor in the first degree. 18 Pa.C.S.A. Sections 3503(a)(2), 3903(b). Criminal trespass carries a maximum term of imprisonment of seven (7) years, 18 Pa.C.S.A. Sec. 1103(3); consequently, the three and one-half (31/2) to seven (7) years imposed for the conspiracy charge did not exceed the statutory limits.

At the sentencing proceeding on July 25, 1980, in the Court of Common Pleas of Philadelphia County, the appellant was initially and orally sentenced to five (5) to fifteen (15) years on the criminal conspiracy bill; seven (7) years probation on the criminal trespass bill, running consecutive to the conspiracy bill; and, ten (10) years probation on the theft bill, running concurrent to the conspiracy bill. After a momentary recess, the sentencing court re-convened for changes in the sentencing that followed sentencing provisions. As a result, the appellant was sentenced to one and one-half (1½) to three (3) years followed by four (4) years probation on the theft bill; three and one-half (3½) to seven (7) years for criminal conspiracy, to run consecutive to the theft bill; and seven (7) years probation for criminal trespass, to run concurrent to the theft bill.

18

The appellant argues that this sentencing procedure violated the principles of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) and *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979), due to the fact that the court allegedly did not justify the initial and second sentence. Furthermore, the appellant argues that the sentencing court was not certain of the charges to which he pled guilty; consequently, the court was necessarily confused when imposing sentence. We disagree.

We recognize that the appellee referred to the appellant at sentencing as a burglar and the lower court stated in its opinion that he had pled guilty to burglary; nevertheless, there was no violation of sentencing standards. At the outset of the sentencing proceeding, the court verified with both parties that sentencing would be imposed on theft by unlawful taking, criminal trespass and criminal conspiracy. When sentence was actually imposed, burglary was not mentioned. The oral and written references to burglary were inadvertent and inconsequential.

The court justified the imposition of the initial, oral sentences; it was not necessary to repeat the reasons when the sentence was corrected. The court was merely correcting errors in the initial terms, the justification for the initial and final sentences could be the same.

■ Immediately before the imposition of the initial sentence, the court expressed for the record that the appellant was not capable of an immediate change to a law-abiding character, that he was an habitual criminal, that he had violated probation seven (7) times and parole six (6) times, and that a long incarceration would serve both as a rehabilitative measure and a deterrence. We find that the lower court followed the standards of the Sentencing Code, *Riggins*, supra, and *Wicks*, supra.

■ Finally, in regard to sentencing, the appellant argues that the re-sentencing on the conviction of theft and conspiracy was violative of the double jeopardy and due process clauses of the United States and Pennsylvania Constitutions.

Although our Supreme Court has ruled that sentence modification which increases punishment is violative of the double jeopardy clause, *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1971), there was simply one sentencing order docketed by the Court of Common Pleas of Philadelphia County. We view the initial, oral "sentence" as no real sentence at all since it was not reduced to a final order; therefore, we hold that only one sentence was imposed here. See *Commonwealth v. Gallagher*, 296 Pa.Super. 382, 442 A.2d 820 (1982).

Reversed and remanded for the appellant to have an opportunity to present a Petition to Withdraw his guilty plea; reversed and remanded also for resentencing. Jurisdiction is relinquished.

DiSALLE, J., did not participate in the consideration or decision of this case.