455 A.2d 112

**COMMONWEALTH of Pennsylvania**

v.

**Dennis GRADY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Dec. 10, 1982.

Reargument En Banc Denied
Feb. 16, 1983.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER and WIEAND, JJ.

CERCONE, President Judge:

Appellant, Dennis Grady, takes this appeal from the judgment of sentence entered following the revocation of his probation on charges of aggravated robbery and related offenses. Appellant raises but one issue in this appeal: Whether the sentence of two and one-half to eight years in prison entered by the court in its written judgment of sentence was a legal sentence because, as appellant contends, the judge's oral pronouncement of sentence directed that appellant was only to receive a term of probation. We find appellant's argument to have merit and we reverse.

On April 29, 1975, appellant pleaded guilty before the Philadelphia Court of Common Pleas to burglary (Indict-

ment No. 1755, May Term, 1972), aggravated robbery (No. 1756), a second aggravated robbery charge (No. 1757), and aggravated assault (No. 1758). Soon thereafter, at a sentencing hearing held on May 28, 1975, the court orally sentenced appellant to a one to ten year term in prison on Indictment No. 1756 (aggravated robbery); on the remaining bills, the court sentenced appellant to five years probation to run concurrent with the sentence on Bill No. 1756. However, in the written sentence order the court did not include the sentence for No. 1756 but only wrote "And now sentence: five years reporting probation to run concurrently with Bill No. 1756." Whereupon, that same day, the court called appellant before it and "reconsidered sentence." This time, the court sentenced appellant on Bill No. 1756 to a prison term of eleven and one half to twenty-three months. On Bill No. 1757, the court ordered five years probation to run consecutively with the sentence on No. 1756. For the two remaining bills, Nos. 1755 and 1758, the court ordered three years probation to run concurrently with the probationary term ordered on Bill No. 1757. These sentences were correctly recited in the amended order of sentence.

Subsequently, on July 26, 1977, a hearing was held concerning appellant's alleged violation of the terms of his probation, owing to appellant's conviction for numerous crimes while on probation. The court found appellant to be in violation of his probation, whereupon, the following occurred on the record:

THE COURT: Probation is respectfully revoked. Defendant is sentenced on Bill Number 1756 to a term of four to ten years in the Eastern State Penitentiary, the sentence to run concurrent with [other sentences appellant was then serving]. The same sentence on all other bills, to run concurrent.

Would you be good enough to advise your client of his appellate rights, please.

DEFENSE COUNSEL: I am just wondering if the aggravated assault and battery rises sufficiently to run to four to ten.

THE COURT: I think aggravated assault does. To the extent that you have an assault bill, just drop that down, if it is aggravated assault.

DEFENSE COUNSEL: The way I am reading the summary, it is assault and battery and aggravated assault and battery. What I would suggest, your Honor, is that you consider suspending sentencing on all other bills, since you already have him on the four to ten.

THE COURT: What I will do is put him on probation on the other bills for a period of three years.

MR. FIELDS [Probation and Parole Agent]: Your Honor, will that probation be concurrent with the sentences that he is serving?

THE COURT: No, that is to run consecutive to 1756.

MR. FIELDS: In other words, that would be effective on the date of his parole?

THE COURT: That is correct. I will have a big tail on him.

DEFENSE COUNSEL: Sir, your probation has been revoked. The Court has sentenced you on Bill 1756 to a period of four to ten years.

THE COURT: Incidentally, the defendant is to have whatever drug therapy is available.

Following this hearing, the court's written judgment of sentence was entered on the docket. It directed that appellant was to serve a term of four to ten years in prison on Bill No. 1756 (aggravated robbery) with a concurrent term of four to ten years on Bill No. 1757 (also aggravated robbery). On Bills Nos. 1755 and 1758, (burglary and aggravated assault), appellant received three years probation to run consecutively with Bill No. 1756. Appellant timely appealed from this judgment.

A few months later, the Commonwealth and defense counsel filed a joint petition before the Superior Court asking for return of the record for clarification of the sentence and on October 23, 1978 we granted this petition *per curiam*. The basis for this clarification was that the sentence on Bill No. 1756 (aggravated robbery) was illegal

because at the time of sentencing on this indictment, appellant's term of parole had already expired. Whereupon, on December 14, 1978, the court entered an order on the docket directing that appellant was to serve a sentence of 4 to 10 years in prison on Bill No. 1757. (This was on the second aggravated robbery charge). On Bills No. 1755 and 1758, appellant received three years probation to begin at the expiration of the sentence for No. 1757. Once again, appellant timely appealed from the judgment of sentence. A few months later, appellant withdrew and discontinued his appeal. Thereafter, the lower court agreed to reconsider sentence on Indictment No. 1757. On April 26, 1979, the court held a hearing and changed the sentence on Bill No. 1757 to two and one-half to eight years incarceration. Appellant takes an appeal from the judgment of sentence on Bill No. 1757 (aggravated robbery).

The question now for our consideration is whether the judge at the probation revocation hearing of July 26, 1977, orally sentenced appellant to three years probation on Bill No. 1757 and whether that alleged oral pronouncement is binding on the court despite the subsequent written order to the contrary. Our review of the record in the instant case convinces us that both questions must be answered in the affirmative.

Regardless of what the sentencing judge *intended* to say, what he *did* say at the July 26, 1977 hearing was that appellant was to receive a sentence of four to ten years in prison on Bill No. 1756 (aggravated robbery) with "probation on the other bills [second aggravated robbery, burglary, aggravated assault] for a period of three years." In *Commonwealth v. Brown*, 455 Pa. 274, 314 A.2d 506, 508 (1974), the Supreme Court, citing its decisions in *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1971), and *Commonwealth v. Allen*, 443 Pa. 96, 277 A.2d 803 (1971), said "that even an increase in sentence which is merely designed to correct an inadvertent judicial mistake must be scrutinized as carefully as an increase which results from a

reconsideration of sentencing factors or from a judicial change of mind." (footnote omitted)[1]

In *Commonwealth v. Hosendorf,* 214 Pa.Superior Ct. 525, 257 A.2d 281 (1969) (per curiam), Judge Hoffman in a dissenting opinion collected various cases which examined conflicts between sentences as written and as orally pronounced. Judge Hoffman pointed out that the only cases addressing the issue at that time were all cases initiated by a habeas corpus petition, and not by direct appeal. In particular, Judge Hoffman quoted from the United States Supreme Court's decision in *Hill v. United States ex rel. Wampler,* 298 U.S. 460, 464, 56 S.Ct. 760, 762, 80 L.Ed. 1283, 1286 (1935) (footnotes omitted) where, in a habeas corpus action, the court wrote: ○

The only sentence known to the law is the sentence or judgment entered upon the records of the court. If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth. But the judgment imparts verity when collaterally assailed. Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebutable presumption. In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge.

Judge Hoffman then argued in his dissent that the *Hill* case, as did the other cases collected in his opinion, contemplated that a variance between the sentence as written and as orally pronounced may be questioned in an appropriate direct proceeding: only in such a proceeding, as contrasted

---

**1.** The defendant in *Brown* initially was sentenced to serve eight and one-half to ten years in prison and he was returned to prison with a commitment order. Three days later, the court amended this sentence, increasing the maximum term to twenty years, because the sentence, as originally imposed, was illegal under the existing statute since the minimum sentence was more than one half of the maximum. Act of September 26, 1951, P.L. 1460, § 1, 19 P.S. § 1057. The *Brown* Court held that the method of correcting such an illegality is not to increase the maximum until the sentence comports with the statute but rather, is to reduce the minimum term until there is statutory compliance.

with habeas corpus petitions, may the sentence as orally pronounced be found to be controlling. On appeal, the Pennsylvania Supreme Court reversed the conviction in *Hosendorf.* However, the decision was by a plurality of the Court, and not a clear majority. *Commonwealth v. Hosendorf,* 437 Pa. 219, 263 A.2d 439 (1970) (plurality).[2]

In *Commonwealth v. Silverman,* 217 Pa.Superior Ct. 68, 266 A.2d 794 (1970) the defendant was convicted on one count of possession of heroin. In due course, the defendant was called before the court for sentencing, whereupon the judge orally sentenced appellant to a prison term. However, the court immediately added "This sentence is to be suspended upon condition that the federal authorities will commit you to ... the program for the rehabilitation of narcotic users ... for a period of seven months and then paroled for a period of three years...." This sentence was not recorded on the docket. The very next day, the court again called the defendant before it and amended sentence. The sentencing judge referred to the initial sentence as "tentative" and indicated that he had some "second thoughts" on the matter upon learning that the defendant had a number of other charges pending against him. The court then ordered that the defendant was to serve two to five years in prison. This latter sentence was recorded on the docket. On appeal, this Court affirmed *per curiam;* however, Judge Hoffman wrote a lengthy dissent in which this writer joined. Judge Hoffman noted that previously it was the rule that a sentencing judge could increase a sentence as long as the judge acted within the term of court. However, the dissent argued that the old rule was no longer viable in view of mandate of *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) holding that the double jeopardy clause to the U.S. Constitu-

**2.** The facts in *Hosendorf* were that the sentencing judge at the hearing at first orally announced a sentence of five to twenty years but later in the proceeding stated that the sentence was five to ten years. The bill of indictment signed by the judge stated that the sentence was five to twenty. By its plurality opinion, the Supreme Court ordered that appellant's legal sentence was five to ten.

tion was binding upon the states. The Pennsylvania Supreme Court agreed with this dissent and reversed, *Commonwealth v. Silverman, supra,* citing the decisions in *Ex parte Lange,* 85 U.S. (18 Wall.) 163, 173, 21 L.Ed. 872 (1873) and *United States v. Benz,* 282 U.S. 304, 306, 51 S.Ct. 113, 114, 75 L.Ed. 354 (1931). In part, *Silverman* quoted the following language from *Benz,* 282 U.S. at 306, 51 S.Ct. at 114. ·

> The distinction that the court during the same term may amend a sentence so as to mitigate the punishment, *but not so as to increase it,* is not based upon the ground that the court has lost control of the judgment in the latter case, *but upon the ground that to increase the penalty is to subject the defendant to double punishment for the same offense* in violation of the Fifth Amendment to the Constitution, which provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.' This is the basis of the decision in *Ex parte Lange, supra.* [Emphasis by the Court.]

*Commonwealth v. Silverman, supra,* 442 Pa. at 216, 275 A.2d at 311. Although our Pennsylvania Supreme Court found the above quoted language from *Benz* to be dictum, the Court nevertheless found it to be "the strongest kind of dictum" and ruled:

> Therefore, even if it were assumed that the Act of 1959 [3] ... intended to give a court the power to increase a

---

**3.** The Act of June 1, 1959, P.L. 342 § 1, 12 P.S. § 1032 (Supp.1970) pertinently provides:

> In any civil, criminal or equitable proceeding in which the court has heretofore been vested with the power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, any order, decree, judgment, or sentence, was entered of record the court in addition to such power, jurisdiction and authority shall hereafter have the same power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind the order, decree, judgment or sentence for a period of thirty days subsequent to the date of entering of record the order, decree, judgment or sentence in any instance where the term of court shall terminate prior to such thirty day period; Provided, That all parties in interest including the district attorney in criminal cases, are notified in

sentence imposed on a criminal defendant provided such were effectuated within thirty days, this, in our view, would be inconsistent with the federal constitutional prohibition against double jeopardy.

\* \* \* \* \* \*

Herein, on February 21st, the day the second sentence was imposed, the trial judge indicated that the sentence imposed on February 20th was a "tentative" one. While it is true that the suspension of the February 20th sentence was conditioned upon Silverman's acceptance to the Lexington rehabilitative hospital, the sentence, as recorded [in the transcript], indicates the imposition of no other conditions, or that it was "tentative" in any sense, except for the condition before noted, and we are bound by the record [of the proceedings].

*Commonwealth v. Silverman, supra,* 442 Pa. at 217–218, 275 A.2d at 311–312 (footnotes omitted).[4]

Finally, the *Silverman* Court eschewed the approach used in *Hosendorf,* noting that *Hosendorf* was a plurality opinion and saying: "Unlike the situation in *Hosendorf,* the record of the proceedings ... in the instant case leaves no doubt as to the sentence then imposed." 442 Pa. at 218, 275 A.2d at 312. The *Hosendorf* Court had given the defendant the lesser sentence because the Court saw no way to resolve the confusion surrounding the "true intentions" of the sentencing judge.

We find appellant's case to be controlled by the *Silverman* decision. As in *Silverman,* the sentencing judge initially orally pronounced one sentence only to later increase it after the sentencing hearing was completed. We

advance of such proposed alteration, modification, suspension, reinstatement, termination, amendment or rescission.

**4.** See also *Commonwealth v. Tomlin,* 232 Pa.Superior Ct. 147, 336 A.2d 407 (1975); *Commonwealth v. Davy,* 218 Pa.Superior Ct. 355, 280 A.2d 407 (1971); *Commonwealth v. Jackson,* 218 Pa.Superior Ct. 357, 280 A.2d 422 (1971).

conclude that this violates the interpretation of the double jeopardy clause pronounced by the Supreme Court in *Silverman*. As the Court said some years ago: In the matter of sentencing a convicted defendant, a court may not toy with him by purporting to exercise its power to sentence and then later attempting to change the sentence or add a new one." *Commonwealth ex rel. Holly v. Ashe*, 368 Pa. 211, 216, 82 A.2d 244 (1951). Accordingly, we reverse.

Reversed.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. My review of the record persuades me that the sentencing court imposed two concurrent sentences of four (4) to ten (10) years on indictments # 1756 and # 1757. Any ambiguity subsequently created by the colloquy with defense counsel concerning the sentences to be imposed on additional convictions for assault and battery and aggravated assault and battery was removed by the written, signed judgments of sentence entered on the docket following the sentencing hearing. I find no conflict between the oral and written judgments of sentence.

Moreover, this Court has repeatedly held that " '[o]ral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are no part of the judgment of sentence.' " *Commonwealth v. Hodge*, 246 Pa.Super. 71, 82, 369 A.2d 815, 820 (1977), quoting *Commonwealth v. Foster*, 229 Pa.Super. 269, 271, 324 A.2d 538, 539 (1974). Accord: *Commonwealth v. Perkins*, 302 Pa.Super. 12, 18–19, 448 A.2d 70, 73 (1982); *Commonwealth v. Gallagher*, 296 Pa.Super. 382, 442 A.2d 820 (1982); *Commonwealth v. Evans*, 254 Pa.Super. 93, 96, 385 A.2d 540, 542 (1978); *Commonwealth v. Green*, 232 Pa.Super. 555, 557–558, 335 A.2d 392, 393 (1975); See also:

*Commonwealth v. Thomas,* 219 Pa.Super. 22, 28, 280 A.2d 651, 654 (1971).

In the instant case, the sentencing judge initially pronounced concurrent judgments of sentence of imprisonment of four (4) to ten (10) years on all bills. After defense counsel suggested that the sentences as imposed on the convictions for assault and battery and aggravated assault and battery were in excess of the statutory maximums, the sentencing judge agreed to "put [appellant] on probation on the *other bills* for a period of three years." The judgments of sentence as entered on the record and signed by the trial judge confirm that sentences of imprisonment of four (4) to ten (10) years were imposed on indictments # 1756 and # 1757, while sentences of probation were imposed on the bills for assault and battery and aggravated assault and battery. Thus, when the sentence on bill # 1756 was found to be illegal and was vacated, the sentence on bill # 1757 remained to be served. Subsequently, the court modified the sentence on bill # 1757 to not less than two and one-half (2½) nor more than eight (8) years.

Appellant's argument that the two and one-half (2½) to eight (8) year sentence on indictment # 1757 violated principles of double jeopardy is based on an assumption that the sentencing judge intended to include the conviction for aggravated robbery (# 1757) among "the other bills" on which sentences of probation were imposed. However, a contrary intent by the sentencing court is evidenced by the sentencing colloquy, the written judgments of sentence as entered on the indictments and recorded by the clerk, and by the opinions filed by the sentencing judge on January 13, 1978 and June 27, 1980.

I would affirm the judgment of sentence.