IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Davine Ahiem,                          :
                                       :
                    Petitioner         :
                                       :
              v.                       :  No. 398 M.D. 2019
                                       :  Submitted: March 11, 2022
Department of Corrections,             :
                                       :
                    Respondent         :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                FILED:  November 30, 2022


        Davine Ahiem (Inmate), an inmate at the State Correctional Institution at Fayette, acting *pro se*, filed a petition for review in our original jurisdiction asserting that the Department of Corrections (Department) improperly deducted funds from his inmate account to pay sentenced costs and fines under Section 9728 of the Sentencing Code, 42 Pa. C.S. §9728, commonly referred to as Act 84.[1]  Inmate

---

[1] In relevant part, Section 9728(b)(5)(i) of the Sentencing Code, 42 Pa. C.S. §9728(b)(5)(i), requires the Department to make monetary deductions of at least 25% of deposits made to inmate accounts for the purpose of collecting restitution, costs under Section 9721(c.1) of the Sentencing Code, 42 Pa. C.S. §9721(c.1), filing fees, and any other court-ordered obligation.  Section 9728(b.2) of the Sentencing Code, 42 Pa. C.S. §9728(b.2), provides that an inmate shall be liable for costs even if the trial court fails to issue a court order directing that mandatory costs be paid.  Section 9728(c) of the Sentencing Code, 42 Pa. C.S. §9728(c), provides that costs and fines may be collected even after the maximum term of incarceration.

asks this Court to order the Department to cease all deductions and return all funds that were taken. Inmate does not dispute the Department's authority to make deductions or the amount of costs and fines imposed, but disputes only the timing of the Department's deductions. Inmate argues that the Department's deductions violate the trial court's oral instructions at his sentencing hearings, wherein the trial court stated that "fines and costs to be paid during the period of parole." *See* Inmate's Petition for Review at unnumbered p. 2, Exhibit A and Exhibit B to Inmate's Petition for Review.[2]

Before us are the Department's preliminary objections to Inmate's petition for review. In its first preliminary objection (PO 1), the Department avers that Inmate's petition for review failed to conform with Pa.R.Civ.P. 1022 by failing to include numbered paragraphs. In its second preliminary objection (PO 2), the Department asserts a demurrer under Pa.R.Civ.P. 1028(a)(4), averring that Inmate failed to state a claim upon which relief may be granted. After careful review, we overrule PO 1, sustain PO 2, and dismiss Inmate's petition for review.

On March 27, 2017, and March 28, 2017, Inmate pleaded guilty to one count of aggravated assault and related charges, after which the Court of Common Pleas of Philadelphia County (trial court) imposed a sentence of 10-20 years' incarceration, costs totaling $749.50, and other conditions not relevant here. *See*

---

[2] Inmate initiated this action by filing a Motion to Stop Act 84 Deductions, which this Court treated as a Petition for Review. Thereafter, the Court ordered Inmate to file an amended Petition for Review which named the Department as respondent, and for Inmate to properly serve the Department and the Attorney General, which Inmate did. Inmate later sent a letter to the Court asking about the status of his case, to which he attached what he termed an Amended Petition for Review. Inmate's motion and petitions are substantively identical, in that each filing seeks relief from the timing of the Department's deductions. For ease of reference, we will refer to Inmate's filings collectively as a petition for review.

Exhibit to Department's Preliminary Objections.[3] In each of the trial court's sentencing orders, under the heading "Mandatory Court Costs-Court Costs," the trial court stated that Inmate "is to pay imposed mandatory court costs." *Id.*

We agree with the Department that Inmate's petition for review fails to comply with Pa.R.Civ.P. 1022 in that it fails to include numbered paragraphs. However, because Inmate's petition seeks relief on the single ground of the timing of the Department's deductions, and Inmate's petition for review did not prevent the Department from filing a comprehensible response, we overrule the Department's PO 1.

As to PO 2, Pa.R.Civ.P. 1028(a)(4) permits preliminary objections to be filed for "legal insufficiency of a pleading (demurrer)." When ruling on preliminary objections, this Court shall sustain such objections and dismiss the petition for review only in cases that are clear and free from doubt that the law will not permit recovery. In ruling on a preliminary objection in the nature of a demurrer, this Court must accept as true all well-pleaded allegations in the petition and all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. A demurrer will not be sustained unless the face of the petition for review shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance*, 616 A.2d 1060, 1063 (Pa. Cmwlth. 1992) (internal citations omitted). "[D]ocuments attached as exhibits, documents

---

[3] The Department also attached its preliminary objections and the trial court's orders as Exhibit C to its Brief. By order dated December 2, 2021, this Court directed Inmate to file a brief in response to the Department's preliminary objections, which Inmate did not do. Pursuant to our December 2, 2021 order, we will proceed without Inmate's brief.

referenced in the [petition for review], as well as facts already of record may also be considered." *Fraternal Order of Police Lodge No. 5, by McNesby v. City of Philadelphia*, 267 A.3d 531, 542 (Pa. Cmwlth. 2021).

Under the applicable standard of review, we must sustain the Department's demurrer. Contrary to Inmate's averment, the Department did not err when it commenced deductions from his inmate account to pay for the mandatory costs imposed as part of his sentence, as documented in the trial court's orders. It is well established that Section 9728(b)(5) of the Sentencing Code authorizes the Department "to make monetary deductions from an inmate's account to pay court ordered fines and costs" and does not require "prior court authorization as a threshold condition." *Boyd v. Pennsylvania Department of Corrections*, 831 A.2d 779, 782 (Pa. Cmwlth. 2003).

Inmate does not allege that the trial court's sentencing orders were in any way ambiguous, incomplete, or improper. In fact, Inmate does not reference the trial court's sentencing orders at all. *See* Inmate's Petition for Review. Instead, Inmate focuses on the trial court's statements at his sentencing hearings, where the trial court stated that "[f]ines and costs to be paid during the period of parole," to support his claim that the Department should not have collected fines and costs while he is incarcerated, and should have delayed collection until Inmate is in parole status. We must reject Inmate's assertion because the clear text of the trial court's orders governs his sentence, including the imposition of costs, and collections from his inmate account. *Freemore v. Pennsylvania Department of Corrections*, 231 A.3d 33, 39 (Pa. Cmwlth. 2020).

In *Commonwealth v. Borrin*, 80 A.3d 1219, 1226-27 (Pa. 2013), our Supreme Court stated:

> In Pennsylvania, the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed. *See Commonwealth, ex rel. Powell v. Depart*[*ment*] *of Corrections*, 14 A.3d 912, 915-16 (Pa. Cmwlth. 2011); *Commonwealth v. Green*, [335 A.2d 392, 393 (Pa. Super. 1975)]. As we have stated, the "signed sentencing order, if legal, controls over oral statements of the sentencing judge not incorporated into the signed judgment of sentence." *Commonwealth v. Isabell*, [467 A.2d 1287, 1292 (Pa. 1983)] (internal quotation marks and citations omitted).

Unlike the factual scenario presented in *Lambing v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 488 M.D. 2017, filed July 23, 2020),[4] where the text of the sentencing order was ambiguous on the timing of collecting imposed costs, the trial court's orders here clearly state that Inmate "is to pay imposed mandatory court costs" without any reference to a delay in collections.

Accordingly, because we conclude that Inmate has not established a clear right to relief, we overrule the Department's PO 1 regarding the form of Inmate's petition for review, sustain the Department's PO 2 in the nature of a demurrer, and dismiss Inmate's petition for review.

_____
MICHAEL H. WOJCIK, Judge

---

[4] *See* Pa. R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Davine Ahiem,                          :
                                       :
                    Petitioner         :
                                       :
          v.                           :   No. 398 M.D. 2019
                                       :
Department of Corrections,             :
                                       :
                    Respondent         :

# **O R D E R**

AND NOW, this 30th day of November, 2022, we overrule the Department of Corrections' preliminary objection as to the form of Davine Ahiem's Petition for Review, sustain the Department of Corrections' preliminary objection in the nature of a demurrer, and dismiss the Petition for Review.

_____
MICHAEL H. WOJCIK, Judge