393 A.2d 758

**COMMONWEALTH of Pennsylvania**

v.

**George NICKENS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 29, 1977.

Decided Oct. 20, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence rendered following acceptance of appellant's guilty plea to the crime of criminal trespass. Following argument and denial of post-trial motions, the lower court sentenced appellant to six months to 23½ months in County Prison, to be followed by probation for three years, which probation would expire five years from December 14, 1976. This sentence was vacated pending hearing on appellant's petition to set aside illegal sentence. Following said hearing and denial of requested relief, the lower court reimposed the sentence. The sole question on appeal is the legality of sentence.

Appellant recognizes correctly that the applicable statute governing sentencing is the "Sentencing Code", Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 1301 *et seq.* He argues that it is inconsistent with the purpose of sentencing and incorrect under the law to impose probation and incarceration. The two forms of punishment are to be construed alternatively, he maintains particularly because the guidelines for ordering probation, found in § 1322 of the Act, are at variance with the considerations involved in sentencing to total confinement, § 1325. Nor is there statutory allowance or historical precedent for split sentencing, claims the appellant.

■ Appellant has misconstrued the present "Sentencing Code." While historically it was the practice of our courts to suspend sentence prior to imposition of terms of probation, if such was to be the disposition of the guilty party, such is not the mandate of the present statute:

§ 1321

(a) General rule.—In determining the sentence to be imposed the court shall, except where a mandatory minimum sentence is otherwise provided by law, consider and select *one or more of the following alternatives*, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

[Emphasis ours].

Section "(b)" goes on to point out that in the selection of *alternatives*, the court should look to "the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." Section "(d)" mentions that the criteria for each of the *alternatives* follows in the subchapter.

 The Code makes clear that the five possible modes of punishment are alternatives, of which one or more could be selected. This language is unambiguous and provides authority to sentence in a manner contrary to appellant's position. A sentence may be comprised of one or more of the alternatives, as the sentencing court may select, based upon the stated criteria. A sentence which includes more than one of the five possible alternatives will be considered as one term of punishment comprised of certain parts—not, as appellant argues, as double punishment for the same offense contrary to the double jeopardy prohibition. In imposing one sentence comprised of two alternatives—total confinement to be followed by probation—where the total period of sentence did not exceed the statutory limit and is not obviously too severe, as is the situation here, the lower court did not err.

Judgment of sentence affirmed.

WATKINS, former President Judge and HOFFMAN, J., did not participate in the consideration or decision of this case.