J-S83026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHE DONTE KING, | |
| Appellant | No. 466 WDA 2016 |

Appeal from the Judgment of Sentence February 18, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006852-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHE DONTE KING, | |
| Appellant | No. 467 WDA 2016 |

Appeal from the Judgment of Sentence February 18, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016587-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 23, 2016**

Appellant, Che Donte King, appeals from the judgments of sentence entered on February 18, 2016, at trial court docket numbers CP-02-CR-

_____

[*] Retired Senior Judge assigned to the Superior Court.

0006852-2015 and CP-02-CR-0016587-2014. After careful review, we are constrained to vacate the judgments of sentence and remand for resentencing.

At trial court docket number CP-02-CR-0016587-2014, the Commonwealth charged Appellant with one count of possession with intent to deliver a controlled substance ("PWID") and two counts of possession of a controlled substance. At trial court docket number CP-02-CR-0006852-2015, Appellant was charged with one count each of accidents involving death or personal injury, accidents involving death or personal injury (not properly licensed), driving while operating privileges are suspended or revoked, careless driving (unintentional death), driving without a license, operating a vehicle without required financial responsibility, and vehicle registration suspended.

On November 23, 2015, Appellant pled guilty to all charges, and on February 18, 2016, the trial court sentenced Appellant at both docket numbers. On the drug offenses at CP-02-CR-0016587-2014, the trial court imposed a sentence of two to four years of incarceration followed by three years of probation on the PWID count.[1] N.T., 2/18/16, at 26. At CP-02-CR-0006852-2015, the trial court imposed a sentence of five to ten years of incarceration followed by probation on the accidents involving death or

---

[1] The possession charges merged for purposes of sentencing.

personal injury conviction.[2] *Id*. at 27. The duration of probation was not specified in the transcript from the sentencing hearing, but the written sentencing order reveals that the sentence of probation at CP-02-CR-0006852-2015 was for three years and was consecutive to the term of total confinement. Sentencing Order, 2/18/16, at 1. The trial court ordered the sentences at CP-02-CR-0016587-2014 and CP-02-CR-0006852-2015 to be served concurrently, and ordered 180 days of credit for time served. *Id*. at 1-2. On February 26, 2016, Appellant filed a timely post-sentence motion to withdraw his guilty plea, and on March 7, 2016, the trial court denied the motion.

Appellant filed a *pro se* notice of appeal at both CP-02-CR-0016587-2014 and CP-02-CR-0006852-2015 on March 23, 2016. Counsel was appointed, and on April 1, 2016, counsel filed a timely notice of appeal at each docket number. On April 15, 2016, this Court granted Appellant's motion to consolidate the appeals at 466 WDA 2016 (CP-02-CR-0006852-2015) and 467 WDA 2016 (CP-02-CR-0016587-2014).

The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on or before April 29, 2016. On that date, Appellant filed a motion for an extension of time in which to file his Pa.R.A.P. 1925(b) statement. The trial court granted

---

[2] The court made a determination of guilt without further penalty on the balance of the charges at CP-02-CR-0006852-2015.

Appellant's motion and directed Appellant to file his Pa.R.A.P. 1925(b) statement on or before June 2, 2016. Appellant timely complied.

In the Pa.R.A.P. 1925(b) statement, counsel averred that an appeal would be frivolous and sought to withdraw representation of Appellant on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). However, counsel appears to have subsequently recognized a meritorious issue concerning the legality of Appellant's sentence, because in his brief to this Court, Appellant raises the following issue:

> Whether the Appellant was given an illegal sentence when the sentencing court imposed a sentence of five (5) to (10) years of confinement followed by a three (3) year term of probation for a second-degree felony which the statutory maximum penalty permitted is ten (10) years?

Appellant's Brief at 7. Despite this issue not appearing in Appellant's Pa.R.A.P. 1925(b) statement, it is properly before our Court. *See Commonwealth v. Melvin*, 103 A.3d 1, 52 (Pa. Super. 2014) (noting that challenges to an illegal sentence cannot be waived for failing to present the issue before the trial court).

It is well-settled that a sentence is illegal when it is not statutorily authorized or it exceeds the maximum sentence permitted by statute. *Commonwealth v. Mears*, 972 A.2d 1210, 1211 (Pa. Super. 2009). Herein, Appellant was convicted of accidents involving death or personal injury in violation of 75 Pa.C.S. § 3742(a). The record reveals that the

victim in this matter, Albert Dale Kruszka, died from the injuries caused by Appellant. N.T. Guilty Plea, 11/23/15, at 4. The statute provides that if the victim dies as a result of the traffic accident, the offense shall be graded as a felony of the second degree. 75 Pa.C.S. § 3742(b)(3)(i). A felony of the second degree carries a statutory maximum penalty of ten years. 18 Pa.C.S. § 1103(2).

This Court has previously addressed this issue as follows:

> When determining the lawful maximum allowable on a split sentence, the time originally imposed cannot exceed the statutory maximum. *See* 42 Pa.C.S. § 9754; 42 Pa.C.S. § 9756; *Commonwealth v. Nickens*, 259 Pa.Super. 143, 393 A.2d 758, 759 (1978); *Commonwealth v. Perkins*, 302 Pa.Super. 12, 448 A.2d 70 (1982). Thus, where the maximum is ten years, a defendant cannot receive a term of incarceration of three to six years followed by five years probation.

*Commonwealth v. Crump*, 995 A.2d 1280, 1283-1284 (Pa. Super. 2010).

As set forth above, in the case at bar, the trial court sentenced Appellant to a split sentence of five to ten years of incarceration followed by three years of probation. That amounts to a combined thirteen years of incarceration and probation, and as this Court noted in *Crump*, such a sentence is illegal.[3] Accordingly, we vacate Appellant's sentence in its entirety and remand for resentencing at each count at trial court docket numbers CP-02-CR-0006852-2015 and CP-02-CR-0016587-2014. *See*

---

[3] We note with appreciation the Commonwealth's candor in this matter as it concedes that the sentence at issue is illegal. Commonwealth's Brief at 11.

***Commonwealth v. Williams***, 997 A.2d 1205, 1210-1211 (Pa. Super. 2010) (holding that it is appropriate to vacate a sentence in its entirety where the correction of one portion of the original sentence may alter the trial court's sentencing scheme as a whole).

Judgments of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/23/2016