J. S38004/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ORIS ALVIN BARNER, JR., | : | No. 1938 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, May 29, 2015,
in the Court of Common Pleas of Northampton County
Criminal Division at No. CP-48-CR-0003136-2013

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED MAY 09, 2016**

Oris Alvin Barner, Jr., appeals **pro se** from the May 29, 2015 order of

the Court of Common Pleas of Northampton County denying his first petition

filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

§§ 9541-9546.  We affirm.

The PCRA court provided the following synopsis of the factual and

procedural history:

> On November 14, 2013, [appellant] pleaded
> guilty to Possession with Intent to Deliver [("PWID")]
> Heroin (35 [P.S.] § 780-113(a)(30)).  On August 18,
> 2013, . . . [appellant] was strip searched as an
> inmate of Northampton County Correctional Facility
> and was discovered to be in possession of five
> packets of heroin.  Appellant was then charged with
> Contraband (18 Pa.C.S. § 5123(a.2)) and pleaded

guilty to this second charge on January 17, 2014.[1] On the same date, and upon consideration of the record, this Court sentenced [appellant] to the following: 33-66 months [imprisonment], plus four (4) years' probation, on the PWID charge and 24-48 months [imprisonment] on the Contraband charge, these sentences to run concurrently. On February 3, 2015, [appellant] filed a Petition for Post-Conviction Relief and independent counsel was appointed to represent [appellant] on February 13, 2015.[2] On May 6, 2015, this Court received counsel's "No-Merit Letter"[3] submitting that [appellant] was not entitled to post-conviction relief. This Court then reviewed the record and agreed with counsel's assessment, issuing a Notice of Intent to Dismiss Without a Hearing on May 8, 2015. Appellant failed to respond to the Notice and this Court dismissed [appellant's] Petition for Post-Conviction Relief on May 29, 2015. This **pro se** appeal followed.

PCRA court opinion, 8/26/15 at 1.

On June 26, 2015, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with the PCRA court's order on July 15, 2015. On August 26, 2015, the PCRA court filed an opinion pursuant to Rule 1925(a).

Appellant raises the following issues for our review:

A. Whether [t]he Commonwealth breached the plea agreement with Appellant?

---

[1] Appellant was arrested for PWID on August 13, 2013. (Notes of testimony, 1/17/14 at 3.) He was in custody for the original PWID charge at the time of the strip search.

[2] Appellant did not file any post-sentence motions, nor did he file a direct appeal in this case.

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

B.    Whether plea counsel provided ineffective assistance in allowing Appellant to enter into a plea agreement without first investigating the ramifications of a subsequent charge?

C.    Whether the sentence imposed violates the Sixth Amendment to the United States Constitution?

D.    Whether the trial court was without discretion to impose a term of confinement followed by a consecutive term of probation?

E.    Whether PCRA counsel provided ineffective assistance in failing to amend the ***pro se*** petition to present the meritorious preceding [sic]?

Appellant's brief at 3.

PCRA petitions are subject to the following standard of review:

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Dennis***, 609 Pa. 442, 17 A.3d 297, 301 (Pa. 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. ***Id.*** at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2); (2) his claims have not been previously litigated or waived, ***id.*** § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[.]" ***Id.*** § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on

> the merits of the issue[.]" ***Id.*** § 9544(a)(2). "[A]n issue is waived if [appellant] could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." ***Id.*** § 9544(b).

***Commonwealth v. Treiber***, 121 A.3d 435, 444 (Pa. 2015).

In his first issue, appellant alleges that the Commonwealth breached the plea agreement reached with appellant. Specifically, appellant avers that the Commonwealth failed "to ensure that [appellant] received the twenty-four month minimum sentence agreed upon, and, based upon this breach, [appellant] should be permitted to withdraw his guilty pleas." (Appellant's brief at 9.)[4]

Before we can address appellant's first issue on its merits, we must first look to whether his claim has been previously litigated or waived. The PCRA requires that, in order for a petitioner to be eligible for relief, his or her claim cannot have been "previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). The PCRA mandates that an issue is waived if "the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b). Our supreme court has stated that "a PCRA petitioner's waiver will only be excused upon a demonstration of

---

[4] This appeal concerns only the sentence appellant received for his guilty plea to the PWID charge.

- 4 -

ineffectiveness of counsel in waiving the issue." ***Commonwealth v. Albrecht***, 720 A.2d 693, 700 (Pa. 1998).

Here, appellant did not raise the issue of whether the Commonwealth breached the plea agreement with appellant at sentencing, through a post-sentence motion, or on direct appeal. Moreover, appellant did not allege that his failure to do so was caused by ineffective assistance of counsel. We, therefore, find that appellant's first issue is waived under the PCRA.

In his second issue for our review, appellant avers that his plea counsel, Steven Mills, Esq., was ineffective because of his failure to "adequately investigate the facts of the case." (Appellant's brief at 11.)

> "A criminal defendant has the right to effective counsel during a plea process as well as during trial." [***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa.Super. 2002)]. "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." ***Commonwealth v. Kersteter***, 877 A.2d 466, 468 (Pa.Super. 2005).

>> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii). ***See*** [***Commonwealth v.***] ***Lynch***[, 820 A.2d 728, 732 (Pa.Super. 2003)]. "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** at 733 (quoting ***Commonwealth v. Hickman***, 2002 PA

Super 152, 799 A.2d 136, 141 (Pa.Super. 2002)).

In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (Pa. 1999). Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* The petitioner bears the burden of proving all three prongs of the test. *Commonwealth v. Meadows*, 567 Pa. 344, 787 A.2d 312, 319-20 (2001).

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa.Super. 2005).

*Kersteter*, 877 A.2d at 469-69. Moreover, trial counsel is presumed to be effective. *Commonwealth v. Carter*, 540 Pa. 135, 656 A.2d 463, 465 (1995).

*Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa.Super. 2006).

Appellant makes an undeveloped claim that Attorney Mills was ineffective because he,

should have been aware of the ramifications of the subsequent charge [of contraband] on the agreed

> upon sentence. Had he sought to ascertain the effect of the subsequent charge, he could have exploited it into, at best, a drug program or at worst, the benefit of the bargaining position with regard to the plea bargain eventually entered into between the Commonwealth and [appellant.] In short, it would have been difficult, armed with these facts, for the Commonwealth to breach its agreement with [appellant.]

Appellant's brief at 11-12. This claim does not satisfy any of the three prongs established by the *Meadows* court. Therefore, appellant's claim of ineffective assistance of counsel in regards to Attorney Mills is without merit.

Under his third issue, appellant avers that the PCRA court abused its discretion by sentencing him to an aggravated-range sentence of 33-66 months' imprisonment for the PWID charge. "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Shugars*, 895 A.2d 1270, 1273-1274 (Pa.Super. 2006), quoting *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa.Super. 2005) (citation omitted).

Appellant failed to raise this issue through an objection at sentencing, through a post-sentence motion, or on direct appeal. This issue, therefore, is waived under the PCRA and we cannot consider it on its merits.

In his fourth issue for our review, appellant challenges the legality of his sentence.

> "A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction." ***Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 n. 8 (Pa.Super. 2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa.Super. 2014) (citation omitted). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is ***de novo*** and our scope of review is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa.Super. 2014) (citations omitted).

***Commonwealth v. Fennell***, 105 A.3d 13, 15 (Pa.Super. 2014), ***appeal denied***, 121 A.3d 494 (Pa. 2015).

In the instant appeal, the Commonwealth cites 42 Pa.C.S.A. § 9721 as the statute from which the PCRA court derived its authority to impose appellant's sentence. (Commonwealth's brief at 14.) Section 9721 provides:

> **(a)** **General rule.--**In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select ***one or more of the following alternatives***, and may impose them consecutively or concurrently:
>
> (1)  An order of probation.
> (2)  A determination of guilt without further penalty.
> (3)  Partial confinement.
> (4)  Total confinement.
> (5)  A fine.
> (6)  County intermediate punishment.
> (7)  State intermediate punishment.

42 Pa.C.S.A. § 9721(a) (emphasis added). As the Commonwealth notes, our supreme court has held that a sentencing court may "fashion a sentence which includes one or more of five alternative punishments, and permits these punishments to be imposed consecutively or concurrently." *Commonwealth v. Pierce*, 441 A.2d 1218, 1219 (Pa. 1982), citing *Commonwealth v. Nickens*, 393 A.2d 758 (Pa.Super. 1978) (*en banc*).[5]

In the instant appeal, we find that the sentencing court acted fully within its statutory authority when it sentenced appellant to a term of probation consecutive to a term of imprisonment for the same offense. Accordingly, appellant's fourth issue is without merit.

For his fifth and final issue on appeal, appellant avers that his PCRA counsel, Tyree A. Blair, Esq., provided ineffective assistance for failing to amend appellant's PCRA petition to raise the preceding four issues. Appellant raises this issue for the first time on appeal. Our supreme court has stated that a failure to raise an ineffective assistance of PCRA counsel claim before the PCRA court will result in waiver. *Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009). The court further stated that a petitioner may raise such an issue in either his response to counsel's *Turner*/*Finley*

---

[5] The courts in *Pierce* and *Nickens* analyzed sentencing schemes under 18 Pa.C.S.A. § 1321(a). Section 9721 of the Sentencing Code, which is at issue in the instant appeal, is virtually identical to Section 1321, except that it adds two alternative forms of punishment.

no-merit letter, or in his response to the PCRA court's Rule 907 notice of intent to dismiss the PCRA petition.

Here, appellant raises the issue of Attorney Blair's alleged ineffective assistance for the first time on appeal. Appellant failed to file any response to Attorney Blair's *Turner*/*Finley* no-merit letter and the PCRA court's Rule 907 notice of intent to dismiss his PCRA petition. We, therefore, find appellant's fifth issue waived for the purpose of appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2016